**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Kelly Neal, | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| | : Case No. 2:22-cv-02210 |
| v. | : |
| | : |
| City of Philadelphia and Jose Dones, | : |
| | : |
| Defendants. | : **JURY TRIAL** |
| | : |
| | : |

**DEFENDANT JOSE DONES'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Jose Dones ("Defendant Dones" and/or "Dones"), by and through undersigned counsel, Pietragallo Gordon Alfano Bosick & Raspanti, LLP, hereby answers the Complaint of Plaintiff, Kelly Neal ("Plaintiff") and asserts his Affirmative Defenses as follows:

## Jurisdiction and Venue

1.      Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

2.      Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

3.      Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

## Parties

4.      Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about the truth of this allegation.

1

5.      Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about the truth of this allegation.

6.      Admitted that Defendant P/O Jose Dones is an adult individual and employee of Defendant City of Philadelphia, Philadelphia Police Department, regularly conducting business at the 26th District, 615 E. Girard Avenue, Philadelphia, PA 19125. To the extent that this paragraph, and the remaining allegations constitute conclusions of law, they do not require a response. To the extent a response is required, denied.

## Facts

### SEXUALLY HOSTILE WORK ENVIRONMENT
### AT THE 26th DISTRICT OF THE PHILADELPHIA POLICE DEPARTMENT

7.      This paragraph merely incorporates preceding paragraphs without any new allegations and so no response is required. To the extent a response is required, denied.

8.      Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about the truth of this allegation.

9.      Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about the truth of this allegation.

10.     Denied.

11.     Denied.

12.     Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about whether he was videotaped. To the extent Defendant Dones was videotaped, it was done without his permission and/or consent, potentially in violation of the law or City policy. To the extent any unauthorized video does exist, denied as to any characterization, as the video speaks for itself. Denied as to all other allegations.

**Video 1, of May 15, 2020:**

       A.    Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about whether he was videotaped. To the extent Defendant Dones was videotaped, it was done without his permission and/or consent, potentially in violation of the law or City policy. To the extent any unauthorized video does exist, denied as to any characterization, as the video speaks for itself. Denied as to all other allegations.

       B.    Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about whether he was videotaped. To the extent Defendant Dones was videotaped, it was done without his permission and/or consent, potentially in violation of the law or City policy. To the extent any unauthorized video does exist, denied as to any characterization, as the video speaks for itself. Denied as to all other allegations.

       C.    Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about whether he was videotaped. To the extent Defendant Dones was videotaped, it was done without his permission and/or consent, potentially in violation of the law or City policy. To the extent any unauthorized video does exist, denied as to any characterization, as the video speaks for itself. Denied as to all other allegations.

**Video 2, of May 18, 2020:**

       A.    Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about whether he was videotaped. To the extent Defendant Dones was videotaped, it was done without his permission and/or consent, potentially in violation of the law or City policy. To the extent any unauthorized video does exist, denied as to any characterization, as the video speaks for itself. Denied as to all other allegations.

       B.    Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about whether he was videotaped. To the extent Defendant Dones was videotaped, it

3

was done without his permission and/or consent, potentially in violation of the law or City policy. To the extent any unauthorized video does exist, denied as to any characterization, as the video speaks for itself. Denied as to all other allegations.

**Video 3, of May 26, 2020:**

      A.    Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about whether he was videotaped. To the extent Defendant Dones was videotaped, it was done without his permission and/or consent, potentially in violation of the law or City policy. To the extent any unauthorized video does exist, denied as to any characterization, as the video speaks for itself. Denied as to all other allegations.

**Video 4: June 9, 2020**

      A.    Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about whether he was videotaped. To the extent Defendant Dones was videotaped, it was done without his permission and/or consent, potentially in violation of the law or City policy. To the extent any unauthorized video does exist, denied as to any characterization, as the video speaks for itself. Denied as to all other allegations.

      B.    Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about whether he was videotaped. To the extent Defendant Dones was videotaped, it was done without his permission and/or consent, potentially in violation of the law or City policy. To the extent any unauthorized video does exist, denied as to any characterization, as the video speaks for itself. Denied as to all other allegations.

      13.    Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about whether he was videotaped. To the extent Defendant Dones was videotaped, it was done without his permission and/or consent, potentially in violation of the law or City policy. To

the extent any unauthorized video does exist, denied as to any characterization, as the video speaks for itself. Denied as to all other allegations.

14.     Denied. Defendant Dones lacks knowledge or information sufficient to form a belief about whether he was videotaped. To the extent Defendant Dones was videotaped, it was done without his permission and/or consent, potentially in violation of the law or City policy. To the extent any unauthorized video does exist, denied as to any characterization, as the video speaks for itself. Denied as to all other allegations.

15.     Denied.

16.     Denied.

17.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

**THE COVID-19 PANDEMIC, AND THE 2020 PRESIDENTIAL ELECTION**

18.     Denied. This allegation is directed to the Defendant City of Philadelphia (hereinafter "Defendant City"), not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

19.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

20.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

21.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

22.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

23.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

24.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

25.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

26.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

27.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

28.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

29.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

30.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

31.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. To the extent a response is required, Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

32.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

33.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

34.     Denied. Defendant Dones lacks sufficient knowledge or information to form a belief about the truth of this allegation.

**COUNT I – SEX DISCRIMINATION**
**PLAINTIFF v. DEFENDANTS**
**VIOLATION OF TITLE VII OF**
**THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-2 et. seq.**

35.     Defendant Dones incorporates the foregoing paragraphs as if the same were set forth at length herein.

36.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

37.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

38.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

39.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

40.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

41.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

42.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

43.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

44.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

45.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

46.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

47.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

48.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

49.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

50.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

**WHEREFORE,** Defendant Dones respectfully requests that this Court enter judgment in his favor and against the Plaintiff, including denying the claims in Count I with prejudice, and awarding Defendant Dones his attorneys' fees, costs, and any other relief the Court deems just and proper.

**COUNT II – HOSTILE WORK ENVIRONMENT**

**PLAINTIFF v. DEFENDANTS**

**VIOLATION OF TITLE VII OF**

**THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-2 et. seq.**

51.     Defendant Dones incorporates the foregoing paragraphs as if the same were set forth at length herein.

52.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

53.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

54.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

55.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

56.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

57.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

58.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

59.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

60.     Denied.

61.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

62.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

63.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

64.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

65.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

66.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

67.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

68.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

69.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

70.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

71.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

72.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

73.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

**WHEREFORE,** Defendant Dones respectfully requests that this Court enter judgment in his favor and against the Plaintiff, including denying the claims in Count II with prejudice, and awarding Defendant Dones his attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT III – RETALIATION
## PLAINTIFF v. DEFENDANT CITY
## VIOLATION OF TITLE VII OF
## THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-3 et. seq.

74.     Defendant Dones incorporates the foregoing paragraphs as if the same were set forth at length herein.

75.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

76.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

77.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

78.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

79.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

80.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

81.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

82.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

83.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

84.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

85.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

86.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

87.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

88.    Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

89.    Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

90.    Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

91.    Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

92.    Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

**WHEREFORE,** to the extent that Count III makes any claims against Defendant Dones, Defendant Dones respectfully requests that this Court enter judgment in his favor and against the Plaintiff, including denying the claims in Count III with prejudice, and awarding Defendant Dones his attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT IV - FAMILY AND MEDICAL LEAVE ACT
## PLAINTIFF v. DEFENDANT CITY
## 29 U.S.C. § 2601 et. seq.

93.    Defendant Dones incorporates the foregoing paragraphs as if the same were set forth at length herein.

94.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

95.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

96.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

97.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

98.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

99.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

**WHEREFORE,** to the extent that Count IV makes any claims against Defendant Dones, Defendant Dones respectfully requests that this Court enter judgment in his favor and against the Plaintiff, including denying the claims in Count IV with prejudice, and awarding Defendant Dones his attorneys' fees, costs, and any other relief the Court deems just and proper.

**COUNT V - PLAINTIFF v. DEFENDANTS**
**VIOLATION OF THE PENNSYLVANIA**
**HUMAN RELATIONS ACT– 43 P.S. § 955 et seq.**

100.     Defendant Dones incorporates the foregoing paragraphs as if the same were set forth at length herein.

101.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

102.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

103.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

104.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

105.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

**WHEREFORE,** Defendant Dones respectfully requests that this Court enter judgment in his favor and against the Plaintiff, including denying the claims in Count V with prejudice, and awarding Defendant Dones his attorneys' fees, costs, and any other relief the Court deems just and proper.

**COUNT VI**
**PLAINTIFF v. DEFENDANT CITY**
**PENNSYLVANIA WHISTLEBLOWER RETALIATION**
**43 P.S. § 1422 et. seq.**

106.     Defendant Dones incorporates the foregoing paragraphs as if the same were set forth at length herein.

107.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

108.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

109.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

110.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

111.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

112.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

113.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

114.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

115.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

116.     Denied. This allegation is directed to the Defendant City, not Defendant Dones, therefore no response is required. This allegation further constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

**WHEREFORE,** to the extent that Count VI makes any claims against Defendant Dones, Defendant Dones respectfully requests that this Court enter judgment in his favor and against the Plaintiff, including denying the claims in Count VI with prejudice, and awarding Defendant Dones his attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT VII
## PLAINTIFF v. DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

117.     Defendant Dones incorporates the foregoing paragraphs as if the same were set forth at length herein.

118.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

119.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

120.     Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

121.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

122.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

123.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

124.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

125.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

**WHEREFORE,** Defendant Dones respectfully requests that this Court enter judgment in his favor and against the Plaintiff, including denying the claims in Count VII with prejudice, and awarding Defendant Dones his attorneys' fees, costs, and any other relief the Court deems just and proper.

**COUNT VIII**
**PLAINTIFF v. DEFENDANT DONES AND DEFENDANT CITY**
**<u>CIVIL CONSPIRACY</u>**

126.    Defendant Dones incorporates the foregoing paragraphs as if the same were set forth at length herein.

127.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

128.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

129.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

130.    Denied. This allegation constitutes a conclusion of law that does not require a response. To the extent a response is required, denied.

**WHEREFORE,** Defendant Dones respectfully requests that this Court enter judgment in his favor and against the Plaintiff, including denying the claims in Count VIII with prejudice, and awarding Defendant Dones his attorneys' fees, costs, and any other relief the Court deems just and proper.

## **GENERAL DENIAL**

Defendant Dones denies each and every allegation in Plaintiff's Complaint not specifically admitted.

## **DEFENDANT'S PRAYER FOR RELIEF**

**WHEREFORE**, having fully answered and responded to the allegations of Plaintiff's Complaint, Defendant Dones respectfully requests that:

(1) Plaintiff's claims be dismissed with prejudice and in their entirety;

(2) Each and every prayer for relief contained in the Complaint be denied;

(3) Judgment be entered in favor of Defendant Dones;

(4) All costs, including reasonable attorneys' fees, be awarded to Defendant Dones and against Plaintiff pursuant to applicable laws; and

(5) Defendant Dones be granted such other relief as this Court may deem just and proper.

**WHEREFORE**, Defendant Dones respectfully requests that this Honorable Court enter judgment dismissing the Complaint of Plaintiff, with prejudice.

## AFFIRMATIVE DEFENSES

Defendant Dones asserts the following affirmative defenses. Defendant Dones reserves the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during discovery.

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations or other applicable rules, statutes, or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

### Third Affirmative Defense

Plaintiff has waived any and all alleged rights to the relief sought in the Complaint.

### Fourth Affirmative Defense

Defendant Dones acted at all times in good faith and for legitimate, non-discriminatory and non-retaliatory reasons.

### Fifth Affirmative Defense

Defendant Dones exercised reasonable care to prevent and promptly eliminate any discriminatory and/or retaliatory conduct in the workplace.

**Sixth Affirmative Defense**

At all times relevant, Defendant City had in place and continues to have in place policies expressly prohibiting all forms of discrimination and retaliation in the workplace. These policies contain effective complaint procedures and non-retaliation provisions and are adhered to by Defendant Dones. To the extent Plaintiff experienced or believes she experienced discrimination and/or retaliation of any kind, her claims are barred, in whole or in part, due to an unreasonable failure to avail herself of the preventative and remedial measures made available to her by Defendant City.

**Seventh Affirmative Defense**

Plaintiff's damages are reduced, in whole or in part, under the doctrine of after acquired evidence.

**Eighth Affirmative Defense**

Plaintiff's damages may be barred by the doctrines of laches, waiver, estoppel, and unclean hands.

**Ninth Affirmative Defense**

Plaintiff is not entitled to recover some or all of the damages alleged, including attorneys' fees.

**Tenth Affirmative Defense**

Any alleged damages or losses, if any, were caused, in whole or in part, by Plaintiff's own acts, omissions, or conduct.

**Eleventh Affirmative Defense**

Plaintiff failed, in whole or in part, to mitigate her damages.

### Twelfth Affirmative Defense

Defendant Dones acted at all relevant times hereto with good faith and without any malicious intent and with reasonable justification for believing his actions were lawful.

### Thirteenth Affirmative Defense

Plaintiff's claims for punitive damages are barred because the alleged acts, occurrences, or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive damages as they do not evidence willful, wanton, malicious, or reckless actions by Defendant Dones.

### Fourteenth Affirmative Defense

There is no factual or legal basis for the imposition of compensatory relief.

### Fifteenth Affirmative Defense

There is no factual or legal basis for the imposition of punitive damages.

### Sixteenth Affirmative Defense

Any claims made herein for compensatory and punitive damages are barred and/or limited and subject to Title VII and the PHRA.

### Seventeenth Affirmative Defense

Plaintiff did not suffer an adverse employment action.

**WHEREFORE**, Defendant Dones prays that the Court enter judgment in his favor and against Plaintiff, including denying all claims for equitable relief, and dismissing all claims with prejudice, and awarding Defendant Dones his attorneys' fees, costs, and any other relief the Court deems just and proper.

Respectfully submitted,

**PIETRAGALLO GORDON ALFANO BOSICK AND RASPANTI, LLP**

By:     *s/ Angela Lee Velez*_____
Gaetan J. Alfano (32971)
Christopher A. Iacono (202257)
Angela L. Velez (330160)
Mark T. Sottile (312555)
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 320-6200
*gja@pietragallo.com*
*cai@pietragallo.com*
*mts@pietragallo.com*
*alv@pietragallo.com*

*Counsel for Defendant,*
*Jose Dones*

Date: October 24, 2022

## <u>CERTIFICATE OF SERVICE</u>

I, Angela Lee Velez, Esquire hereby certify that on this 24th day of October 2022, a true and correct copy of the foregoing Defendant Jose Dones' Answer to Plaintiff's Complaint was served via ECF upon all parties of record.

*s/Angela Lee Velez*
Angela Lee Velez, Esquire

*7617085*